# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**GEORGE FRANKLIN JACKSON,**

    Petitioner,

-vs-                                          **Case No. 8:14-CV-2928-T-36AEP**

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    Respondent.
_____/

## ORDER

This matter comes before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 ("petition") (Dkt. 1). The petition was filed on November 15, 2014.[1] Upon consideration of the petition, the Court determined that it may be subject to dismissal as time-barred, and therefore directed Petitioner to show cause why the petition should not be dismissed (Dkt. 4). On December 19, 2014, Petitioner filed his Response to Court's Order to Show Cause ("response") (Dkt. 5).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a limitations period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on

---

[1] Although the Court received Petitioner's petition on November 21, 2014, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). Petitioner placed his petition in the prison mailing system on November 15, 2014 (Dkt. 1 at docket p. 15).

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment of conviction was affirmed by the appellate court on January 18, 2008 (Dkt. 1 at p. 3); *Jackson v. State*, 974 So. 2d 394 (Fla. 2d DCA 2008) [table]. Consequently, the judgment became final ninety (90) days later on April 17, 2008. *See Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004) (holding Florida prisoner's conviction became "final" for AEDPA purposes on date that 90-day period for seeking certiorari review in Supreme Court expired); Supreme Court Rules 13(1) and (3) (for a petition for certiorari to be timely, it must be filed within 90 days after entry of the judgment or order sought to be reviewed). One hundred thirty-eight (138) days elapsed between April 17, 2008, and September 2, 2008, the date Petitioner filed his state motion for post conviction relief (Dkt. 1 at p. 4). The AEDPA limitation period remained tolled until February 24, 2014, when the appellate court issued the mandate after affirming the post conviction court's order denying Petitioner's motion for post conviction relief (Dkt. 1 at p. 9).[2] *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (explaining that state collateral motion remains pending until appellate court issues mandate). Thereafter, an additional two hundred sixty-four (264) untolled days elapsed before Petitioner filed the instant petition for writ of habeas corpus in this Court on November 15, 2014 (Dkt. 1 at p. 16). Therefore, more than 365 untolled days

---

[2]The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Florida Second District Court of Appeal, viewed November 25, 2014, http://www.2dca.org/the_clerk's_office.htm, which reveals the date of the mandate as February 24, 2014. See Fed. R. Evid. 201.

elapsed before Petitioner filed the instant petition (138 days + 264 days = 402 days). Consequently, the petition is untimely.

**Equitable Tolling**

Even though the petition is untimely, Petitioner contends that the Court should review his petition because he is entitled to equitable tolling of the limitations period (Dkt. 5). Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). "[E]quitable tolling applies only in truly extraordinary circumstances. [Petitioner] bears the burden of establishing that he is entitled to this extraordinary relief." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citations omitted).

Petitioner has failed to carry his burden of establishing that he is entitled to equitable tolling. Petitioner attempts to excuse his failure to timely file on the basis that 1) he is "visually impaired and relies on law clerks and impaired assistance to perform his legal duties;" and 2) his legal documents were "lost, misplaced or destroyed" while he was transferred from one correctional institution to another, and because of his visual impairment he was not aware that his documents were missing until October 17, 2014 (Dkt. 5 at pp. 2-3).

First, Petitioner has failed to show that his alleged visual impairment constitutes an extraordinary circumstance. He has failed to explain with specificity how his visual impairment prevented him from timely filing his petition. As he admits in his response, he has prison law clerks and "impaired assistance" to help him prepare his legal documents. And, Petitioner has filed pleadings with this Court which indicate that despite his alleged visual impairment, he is able to

adequately and timely pursue his claims. Petitioner's visual impairment, in and of itself, is not an extraordinary circumstance warranting equitable tolling. *See, e.g., United States v. Brittain*, 41 Fed. Appx. 246, 249 (10th Cir.), *cert. denied*, 537 U.S. 913 (2002) (holding that the district court did not abuse its discretion in denying equitable tolling where petitioner, who was allegedly legally blind, failed "to describe how the deficiencies in the legal materials available to him were inadequate in view of his visual impairment.").

Second, Petitioner has likewise failed to demonstrate that the alleged loss of his legal materials amounts to an extraordinary circumstance that made it impossible to file a timely petition. Initially, Petitioner fails to provide specific dates for the transfer during which his legal papers were allegedly lost, or evidence to support his contention. His allegation is therefore vague, unsubstantiated, and insufficient to justify equitable tolling. *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 n.7 (11th Cir. 2002) (Petitioner's allegations that he sent letters to the Clerk's office and pursued his case diligently was "not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support, especially when the evidence that has been presented undermines the petitioner's claim."); *Booker v. Folino*, 2005 U.S. Dist. LEXIS 33750, at *11-12 (E.D. Pa. Dec. 15, 2005) ("A petitioner must offer specific evidence to show that denial of access to the courts should constitute a basis for equitable tolling of the AEDPA time limitation.") (citation omitted). Moreover, Petitioner does not assert that the unavailability of some of his legal documents made him unable to work on his petition. In fact, Petitioner alleges that a "habeas corpus petition . . .had been prepared for him while at Taylor C.I." sometime prior to October 17, 2014, the date on which Petitioner contends that he became aware that the documents were missing (Dkt. 5 at p. 3). In sum, the unavailability of Petitioner's unspecified legal materials for an unspecified period of

4

time, without more, is not an extraordinary circumstance that would entitle Petitioner to equitable tolling. *See Brightwell v. Patterson*, 2011 U.S. App. LEXIS 26700, at *5 (11th Cir. Oct. 11, 2011) (unpublished) ("'periods in which a prisoner is separated from his legal papers are not extraordinary circumstances warranting equitable tolling.'") (quoting *Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004)).

Accordingly, it is **ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time-barred.

2. The **Clerk** shall enter judgment against Petitioner and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

    **DONE and ORDERED** in Tampa, Florida on December 31, 2014.

*[signature]*
Charlene Edwards Honeywell
United States District Judge

Copy to: *Pro se* Petitioner